United States District Court
Southern District of Texas
FILED

OCT 2 2 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas

**ENTERED**

October 22, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| JIBRILLA MUMUNI | § | |
| | § | |
| **Petitioner,** | § | |
| VS. | § | **CIVIL ACTION NO. 7:20-CV-276** |
| | § | |
| WARDEN, MONTGOMERY | § | |
| PROCESSING CENTER, | § | |
| | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION

Petitioner Jibrilla Mumuni, a citizen of Ghana, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 which challenges the legality of his detention by Immigration and Customs Enforcement ("ICE"), a part of the Department of Homeland Security ("DHS"), pending his removal from the United States. (Dkt. No. 1). Respondent has filed a motion to dismiss the instant action as moot on the basis of Petitioner's recent removal to Ghana. (Dkt. No. 4). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

After a careful review of the record and relevant law, the undersigned respectfully recommends that Respondent's motion to dismiss (Dkt. No. 4) be **GRANTED**, and that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1) be **DISMISSED as moot.**

### Background and Procedural History

According to the Petition, Petitioner is a native of Ghana who came to the United States in 2009 on an IR-2 visa as a lawful permanent resident. (Dkt. No. 1 at 3). In 2015, Petitioner was convicted on federal drug charges in the United States District Court for the Southern District of

New York.  (*Id.* at 3-4).   After Petitioner had exhausted direct and collateral review of his conviction, removal proceedings were initiated.  (*Id.* at 4).  Petitioner was ordered removed by an immigration judge, and this removal order was affirmed in 2018 by the Board of Immigration Appeals.  (*Id.* at 5).  In June 2020, Petitioner completed his prison sentence and was released to the custody of ICE.  (*Id.*).

On September 8, 2020, Petitioner filed the instant habeas petition.[1]  (*Id.* at 1).  When the petition was filed, Petitioner was being held at the Montgomery Processing Center ("MPC") in Conroe, Montgomery County, Texas.  (*Id.* at 14).

Given the possibility that Petitioner may have already been removed from the United States, on October 9, 2020, the Magistrate Judge ordered Respondent to provide an update as to Petitioner's immigration status and current address.  (Dkt. No. 2).[2]

On October 15, 2020, Respondent filed its motion to dismiss Petitioner's habeas petition for lack of subject matter jurisdiction, contending that "Petitioner was removed from the United States to Ghana on September 29, 2020, and thus, is no longer in DHS custody."  (Dkt. No. 3 at 1).  On October 19, 2020, Respondent supplemented its motion by filing as an exhibit an executed DHS verification of removal (I-205) form.  (Dkt. No. 4).

### Summary of the Pleadings

Through the petition, Petitioner complained that ICE was continuing to detain him pending his removal to Ghana on the grounds that he posed a flight risk and a danger to the community.  (Dkt. No. 1 at 5).  Petitioner generally contested the validity of these grounds.  (*Id.* at 13).  He also

---

[1] This date is taken from Petitioner's certification of service, wherein he certifies that he deposited his petition in the mail on September 8, 2020.  (Dkt. No. 1 at 15).  "[P]ro se prisoners' filings are governed by the mailbox rule[,]" such that they "are deemed filed as soon as the pleadings have been deposited into the prison mail system."  *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

[2] This order was sent to Petitioner but was returned as undeliverable.  (Dkt. No. 5).

argued that his detention had become "presumptively unreasonable" due to Ghana's implementation of indefinite travel restrictions related to the ongoing Covid-19 pandemic. (*Id.* at 5-6). Petitioner requested that he be ordered released under supervision or that he be allowed a bond hearing. (*Id.* at 6-7). Notably, Petitioner did *not* attack the validity of his removal order. Petitioner argued rather that, "*even though he is no longer litigating his removal orde*r, the fact that ICE is not able to remove him from the country and will not [be] able to do so anytime soon mandates that he be released from detention until the circumstances surrounding his removal to Ghana change." (*Id.* at 10) (emphasis added).

Respondent argues that the petition should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Petitioner's claim that his prior detention was unlawful due to its indefinite nature has been mooted by the recent removal. (Dkt. No. 3 at 2).

## Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[M]ootness is a threshold jurisdictional inquiry." *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580–81 (5th Cir.2004) (citation omitted). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting

*Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir.1999).

A district court may dismiss for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

## Analysis

This case is substantially similar to *Nogues v. Gartland*, 2018 WL 1178098 (S.D. Ga. Jan. 22, 2018), *report and recommendation adopted*, 2018 WL 1176849 (S.D. Ga. Mar. 6, 2018). In *Nogues*, the petitioner filed his § 2241 petition while in ICE custody but was released before Respondent filed its response. *Id.* at *1. Like here, the Respondent in *Nogues* filed a motion to dismiss the action as moot, attaching a release notification evidencing petitioner's release from ICE custody. *Id.* Upon its review of the Article III justiciability limitations, the *Nogues* court deemed the petition moot because petitioner only requested release from ICE's custody, and because of his release, there was no longer a "live controversy" over which the court could provide him with meaningful relief. *Id.* at *2.

Multiple district courts in the Southern District of Texas have also dismissed § 2241 petitioners as moot under similar circumstances. *See Stuart v. Venturella*, 2008 WL 11389417, at *1 (S.D. Tex. May 20, 2008), *report and recommendation adopted*, 2008 WL 11389437 (S.D. Tex. June 10, 2008); *Avulov v. Bureau of Immigration & Customs Enf't*, 2008 WL 11388552, at *1 (S.D. Tex. May 27, 2008), *report and recommendation adopted*, 2008 WL 11388558 (S.D.

Tex. June 18, 2008); *Hechavarria v. Salinas*, 2018 WL 1938040, at \*2 (S.D. Tex. Mar. 13, 2018), *report and recommendation adopted*, 2018 WL 2013081 (S.D. Tex. Apr. 30, 2018).

Here, Petitioner, who was not attacking the validity of his removal order, requested release from ICE custody. His complaint only involved his continued confinement in ICE custody, as he had not yet been removed to Ghana, or otherwise allowed release under an order of supervision. Evidence provided by Respondent shows that Petitioner was removed from the United States to Ghana on September 29, 2020. Petitioner is no longer in ICE custody, and thus, as in *Nogues* and the other cases cited above, there is no longer a "live controversy."

For these reasons, Respondent's motion to dismiss should be granted and this action be dismissed as moot.[3]

## **Conclusion**

### ***Recommended Disposition***

After careful review of the record and relevant law, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss (Dkt. No. 4) be **GRANTED** and that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1) be **DISMISSED as MOOT.**

---

[3] Respondent filed its motion to dismiss on October 15, 2020. Opposed motions "will be submitted to the judge 21 days from filing . . . ." SDTX Local Rule 7.3. Petitioner also has 14 days to file objections to this Report and Recommendation. Thus Respondent's motion and this Report and Recommendation will be ripe for ruling on the same date: November 5, 2020.

### *Certificate of Appealability*

A certificate of appealability is not required to appeal a case under 28 U.S.C. § 2241. *Montano v. Texas*, 867 F.3d 540, 547 (5th Cir. 2017).

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The Clerk of Court is DIRECTED to forward a copy of this document to the parties by any receipted means.

SIGNED this 22nd day of October, 2020, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge